Filed 3/22/13  P. v. Williams CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OCTAVUS WILLIAMS,<br><br>    Defendant and Appellant. | D063002<br><br><br>(Super. Ct. No. SCD207315) |

APPEAL from an order of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Appeal dismissed.

In November 2008, a jury found Octavus Williams guilty of second degree murder (Pen. Code, § 187, subd. (a)) for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)).  In February 2009, the court sentenced Williams to an indeterminate term of 15 years to life in prison.  In September 2010, this court affirmed the judgment.  In December, the California Supreme Court denied Williams's petition for review.

In October 2012, Williams filed a petition for writ of error *coram nobis* in the trial court. In the petition, he claimed that on July 24, 2012, he received July 2009 transcripts from his then appointed appellate attorney and thereby discovered that the attorney was ineffective. Williams claimed the attorney "was put on notice [by the prosecutor] that the key prosecution witness . . . had engaged in doctor shopping while the instant case was still pending," and the prosecutor believed "that such conduct would be or could be construed as a moral turpitude crime." According to Williams, the attorney did nothing with this information. The trial court denied the petition for writ of error *coram nobis*, correctly noting, inter alia, "That a claim of ineffective assistance of counsel, which relates more to a mistake of law than of fact, is an inappropriate ground for relief on *coram nobis* has long been the rule." (*People v. Kim* (2009) 45 Cal.4th 1078, 1104.) Williams appeals.

Appellate counsel appointed in the instant appeal has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel lists, as a possible, but not arguable, issue: whether the trial court erred in denying the petition for writ of error *coram nobis*. Because the brief relies on *Wende* and *Anders*, in the ordinary course of processing this appeal we granted Williams permission to file a brief on his own behalf.

"The independent judicial review mandated by *Anders, supra,* 386 U.S. 738, applies only to a defendant's first appeal as of right. (*Pennsylvania v. Finley* (1987) 481

2

U.S. 551, 557; *In re Sade C*. [1996] 13 Cal.4th [952,] 972-974.)"  (*People v. Kelly* (2006)

40 Cal.4th 106, 119.)  This is not Williams's "first appeal as of right" in this case.  (*Ibid*.)

Thus, *Wende* review is unavailable.  Accordingly, we dismiss the appeal.[1]

DISPOSITION

The appeal is dismissed.


O'ROURKE, J.

WE CONCUR:


NARES, Acting P. J.


IRION, J.

---

[1]     In any case, a review of the record pursuant to *Wende* and *Anders* has disclosed no reasonably arguable appellate issues and Williams has been competently represented by counsel on this appeal.

3